THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jade D. Leonard ( minor ), by and through her mother and natural guardian Sheila DeVlugt 1838 Sawmill Road Spring City, PA 19475 : Plaintiff | : : : : : : | |
| v. | : : | CIVIL ACTION No.: |
| Owen J. Roberts School District Administrative Building 901 Ridge Road Pottstown, PA 19465-8402 and Cory Bissland (minor), by and through his parents and natural guardians, Donald Bissland and Debbie L. Bissland, and in their own right 1737 Chestnut Hill Road Pottstown, PA 19465 and David Derofflo, athletic coach, employee, and/or independent contractor Owen J. Roberts School District track and field team: c/o Owen J. Roberts School District Administrative Building 901 Ridge Road Pottstown, PA 19465-8402 and Eric Wentzle, assistant athletic coach, employee, and/or independent contractor Owen J. Roberts School District track and field team: c/o Owen J. Roberts School District Administrative Building 901 Ridge Road Pottstown, PA 19465-8402 Defendants. | : : : : : : : : : : : : : : : : : : : : : : : : : : : | JURY TRIAL DEMANDED |

**COMPLAINT**

AND NOW COMES the Plaintiff, Jade D. Leonard ( minor ), by and through her mother and

natural guardian, and through undersigned counsel, and avers as follows:

1. This is an action for damages and other relief arising from injuries sustained by the Plaintiff on or about May 1, 2006, due to the Defendants' violation of the Plaintiff's civil rights pursuant to 42 U.S.C. § 1983.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. At all times relevant to Plaintiff's claims, Defendants were state actors within the meaning of 42 U.S.C. § 1983, and acted under color of state law, statute, ordinance, regulation, custom or usage. Plaintiff also invokes the pendant jurisdiction of this Court to hear and decide claims arising under state law.

3. Venue in this action is conferred by 28 U.S.C. § 1391(b). All parties reside or are found and the cause of action arose in the Eastern District of Pennsylvania.

**PARTIES**

4. Plaintiff, Jade D. Leonard, is an minor and former student of the Owen J. Roberts High School, with a residence address with her mother, Sheila DeVlugt of 1838 Sawmill Road, Spring City, Chester County, Pennsylvania 19475. At all relevant times herein, the Plaintiff was a minor child and was in the care and custody of the Defendants.

5. Defendant, Owen J. Roberts School District, is a public school district, organized under the laws of the Commonwealth of Pennsylvania, whose address is 901 Ridge Road Pottstown, Chester County, Pennsylvania 19465. All appropriate and required notices pursuant to 42 Pa.C.S. § 5522, were provided to Owen J. Roberts School District.

6. Defendant, Cory Bissland (minor), by and through his parents and natural guardians, Donald Bissland and Debbie L. Bissland, and in their own right reside at an address of 1737 Chestnut Hill Road Pottstown, Chester County, Pennsylvania 19465, who at all times herein relevant, was a student at the student of the Owen J. Roberts High School.

7. Defendants, Donald Bissland and Debbie L. Bissland are the parents and natural guardians of Defendant Cory Bissland, and are adult individuals residing at 1737 Chestnut Hill Road Pottstown, Chester County, Pennsylvania 19465.

8. Defendant, David Derofflo, is an adult individual who at all times herein relevant, was an employee of the Defendant, Owen J. Roberts School District and served as athletic coach for the track and field team of Owen J. Roberts High School.

9. Defendant, Eric Wentzle, is an adult individual who at all times herein relevant, was an employee of the Defendant, Owen J. Roberts School District, and served as assistant athletic coach for the track and field team of Defendant, Owen J. Roberts High School.

### STATEMENT OF FACTS

10. At all relevant times, the Plaintiff, Jade D. Leonard, was a minor and student at the Owen J. Roberts School District, and was under the care, custody, control and protection of the Defendants, Owen J. Roberts School District, David Derofflo and Eric Wentzle under Pennsylvania law.

11. On or about May 1, 2006, the Plaintiff, was a member of the javelin track and field team for the Owen J. Roberts High School.

12. On or about May 1, 2006, Defendant, Cory Bissland (minor), was a member of the javelin track and field team for Owen J. Roberts High School.

13. The athletic coach for the track and field team was David Derofflo and the assistant athletic coach was Defendant Eric Wentzle.

14. On or about May 1, 2006, Plaintiff was participating in an after school training session at the Owen J. Roberts High School.

15. During the training session, Defendant, Corey Bissland negligently, recklessly and carelessly threw a javelin directly towards Plaintiff which impaled and seriously injured Plaintiff, Jade Leornard.

16. Due to the force of the impact, Plaintiff was seriously injured and Owen J. Robert agents representatives and employees called Jade Leonard house to leave a voicemail message for someone to come and pick her up. Jade's step father heard the message and proceeded to take her to the emergency room for treatment due to the seriousness of the injury.

17. Defendants David Derofflo and Eric Wentzle were not properly coaching, training and protecting the students in athletics at the time of the attack.

18. Defendants David Derofflo and Eric Wentzle who were the adults responsible for the minor Plaintiff's care and custody at training sessions failed to contact emergency medical support personnel, the school authority and/or notify the police of the assault.

19. Pursuant to the policy of the Owen J. Roberts School District, the coaches were to be present at all training sessions.

20. Pursuant to the policy, the coaches primary purpose is to organize, develop, and direct athletic program which will promote, protect, and conserve the health and physical welfare of all students participants. The risk of injuries can be minimized through proper coaching and training.

21. The Defendants had actual knowledge of the aforesaid requirements, and had, or were required to have training in those requirements.

22. As a result of the failure to act and state created danger on May 1, 2006, Plaintiff has sustained serious injuries which have caused life altering and potentially permanent health problems, which have rendered her unable to participate in athletics.

23. Plaintiff's injuries and conditions due to the aforesaid acts of the Defendants include, but are not limited to impalement injury to left thigh, persistent pain, loss of balance, headaches and depression.

24. As a direct result of the actions of the Defendants and Plaintiff's resulting injuries, Plaintiff has sustained a loss of past, present and future earnings, and a permanent diminution of her earning power and capacity, a claim for which is herein made.

25. As a direct result of the actions of the Defendants and Plaintiff's resulting injuries, Plaintiff has incurred liability for the costs of medical treatment, medications and similar expenses, and will be forced to incur similar expenses in the future, a claim for which is herein made.

26. As a direct result of the actions of the Defendants and Plaintiff's resulting injuries, Plaintiff has undergone and in the future will undergo great physical pain and mental suffering, great inconvenience in carrying out her daily activities, and a loss of life's pleasures and enjoyment, a claim for which is herein made.

27. As a direct result of the actions of the Defendants and Plaintiff's resulting injuries, Plaintiff has undergone and in the future will be subject to great pain, humiliation and embarrassment, a claim for which is herein made.

28. Plaintiff continues to be plagued by persistent pain and limitation and avers that her injuries will be of a permanent nature, causing residual problems for the remainder of her lifetime, a claim for which is herein made.

29. The actions of the Defendants were in violation of Plaintiff's constitutional and civil rights, were a violation of the duties of care owed to the Plaintiff with respect to protection and/or coaching and training of athletes.

30. At all relevant times herein, the Defendants had a duty to protect, care for and ensure the safety and well being of the Plaintiff as a minor child and student of the Owen J. Roberts School District.

31. As a result of Plaintiff's membership on the School District's track and field team, the acknowledged need for the District to provide competent medical care and coaching for its athletes, the District exercised a level of custody, care and control over the Plaintiff, a minor at the time, that there existed between the School District, its agents and employees, and the Plaintiff a "special relationship," as that term is used in *DeShaney v. Winnebago County Dept. of Social Services*, 498 U.S. 189, 109 S.Ct. 998, 105 L.Ed.2d 249 (1989).

## COUNT ONE
## JADE D. LEONARD (MINOR) V. CORY BISSLAND (MINOR), DONALD BISSLAND AND DEBBIE L. BISSLAND (H/W)
## NEGLIGENCE

32. The averments of Paragraphs 1 though 31 are incorporated herein by reference as though fully set forth.

33. At all times material hereto, Donald Bissland and Debbie L. Bissland were the parents and/or guardians of the school aged minor, Defendant Cory Bissland.

34. At all times material hereto, Defendant parents are responsible for the torts of their school aged minor child. Therefore, any torts Cory Bissland has committed are under the responsibility of his parents, Defendants Donald Bissland and Debbie L. Bissland.

35. Defendants Donald Bissland and Debbie L. Bissland failed to guide, raise, educate, train, discipline, and/or teach Cory Bissland in such a way as to prevent him from engaging in any tortious conduct and/or dangerous activities including but not limited to throwing a javelin at people.

36. Defendant Cory Bissland acted negligently, carelessly and recklessly when he threw the javelin at Plaintiff Jade Leonard.

37. It was reasonably foreseeable to Defendant Cory Bissland and he knew, should have known, or had reason to know that throwing a javelin at someone would lead to serious injuries.

38. Defendant Cory Bissland's negligence in mishandling a javelin by using it as a toy to prank, instead of realizing that it was an inherently dangerous object that should be handled with care, and by negligently throwing the javelin at Jade Leonard, proximately and actually caused the injuries sustained by Jade Leonard.

39. Defendant's actions were negligent, careless and reckless for throwing the javelin and injuring Jade Leonard and is responsible for negligent actions.

40. Defendants, Donald Bissland and Debbie L. Bissland are responsible for Cory Bissland's actions by failing to discipline his behavior of playing dangerous jokes and pranks on "Jade".

WHEREFORE, Plaintiff demands judgment in her favor, together with compensatory and punitive damages in excess of the $100, 000.00 arbitration limits, together with costs, interest and attorney fees and any other relief which the Court deems appropriate.

## COUNT TWO
### JADE D. LEONARD ( MINOR ) V.  DAVID DEROFFLO AND ERIC WENTZLE
### VIOLATION OF PLAINTIFF'S RIGHTS UNDER 42 U.S.C. § 1983

41. The averments of Paragraphs 1 though 40 are incorporated herein by reference as though fully set forth.

42. At all times herein relevant, Plaintiff possessed substantive and procedural rights including a liberty interest in her bodily integrity, freedom from state created dangers, and a right not to be harmed, which were protected by the Constitutions of the United States and the Commonwealth of Pennsylvania.

43. At all times herein relevant, Plaintiff possessed a right to receive adequate protection, coaching, training, emergency medical care which was protected by the Constitutions of the United States and the Commonwealth of Pennsylvania.

44. At all times herein relevant, Plaintiff possessed a right to be free from state occasioned or created harm to her bodily integrity and health which was protected by the Constitutions of the United States and the Commonwealth of Pennsylvania.

45. The Defendants acted in willful disregard for the rights and safety of the Plaintiff and with deliberate indifference to the harm and potential for harm to the Plaintiff, despite actual knowledge of their obligations, in failing to coach, train, and provide any adult care to the Plaintiff which resulted in her May 1, 2006 injuries described above.

46. The Defendants caused and/or increased the risk of injury to the Plaintiff, which injury was foreseeable and direct.

47. As a direct and proximate result of the violations of Plaintiff's rights as aforesaid, Plaintiff suffered substantial and grievous injuries as described above and incorporated herein.

48. The actions of the Defendants in not protecting and/or coaching and training and allowing minors to participate in a dangerous sports without protecting and/or coaching and training was outrageous and entitle the Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff demands judgment in her favor, together with compensatory and punitive damages in excess of the $100, 000.00 arbitration limits, together with costs, interest and attorney fees and any other relief which the Court deems appropriate.

### COUNT THREE
### JADE D. LEONARD ( MINOR ) V. OWEN J. ROBERTS SCHOOL DISTRICT.
### VIOLATION OF PLAINTIFF'S RIGHTS UNDER 42 U.S.C. § 1983

49. The averments of Paragraphs 1 though 48 are incorporated herein by reference as though fully set forth.

50. At all times herein relevant, Plaintiff possessed substantive and procedural rights including a liberty interest in her bodily integrity, freedom from state created dangers, and a right not to be harmed, which were protected by the Constitutions of the United States and the Commonwealth of Pennsylvania.

51. At all times herein relevant, Plaintiff possessed a right to receive adequate protection, coaching and training, emergency and medical care which was protected by the Constitutions of the United States and the Commonwealth of Pennsylvania.

52. At all times herein relevant, Plaintiff possessed a right to be free from state occasioned or created harm to her bodily integrity and health which was protected by the Constitutions of the United States and the Commonwealth of Pennsylvania.

53. Defendant Owen J. Roberts School District affirmatively created a danger to students, specifically Plaintiff, when it allowed students participating in potentially dangerous

sporting activities to be in the care, custody and control of Defendants, David Derofflo and Eric Wentzle without proper coaching training and protection.

54. Defendant Owen J. Roberts School District affirmatively created a danger to students, specifically Plaintiff, when it failed to institute proper policies, procedures and training for its personnel who were responsible for the protection and/or coaching and training of athletes participating in potentially dangerous sporting activities.

55. Defendant Owen J. Roberts School District affirmatively created a danger to students, specifically Plaintiff, when it provided the javelin weapon and failed to institute and/or enforce safety standards for student athletes, and by creating an atmosphere among its coaching staff that safety was of secondary importance.

56. By its actions, Defendant Owen J. Roberts School District adopted and maintained a practice, custom or policy of reckless indifference to violations of the rights and safety of student athletes, including the Plaintiff.

57. The Defendant acted in willful disregard for the rights and safety of the Plaintiff and with deliberate indifference to the harm and potential for harm to the Plaintiff.

58. As a direct and proximate result of the violations of Plaintiff's rights as aforesaid, Plaintiff suffered substantial and grievous injuries as described above and incorporated herein.

59. The actions of the Defendant as aforesaid were outrageous and entitle the Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff demands judgment in her favor, together with compensatory and punitive damages in excess of the $100, 000.00 arbitration limits, together with costs, interest and attorney fees and any other relief which the Court deems appropriate.

## COUNT FOUR
## JADE D. LEONARD (MINOR) V. DAVID DEROFFLO, ERIC WENTZLE AND OWEN J. ROBERTS SCHOOL DISTRICT
## NEGLIGENCE

60. The averments of Paragraphs 1 though 59 are incorporated herein by reference as though fully set forth.

61. The Defendants owed the Plaintiff a duty of care which included:

   a. a duty to prevent, recognize and/or properly treat injuries to athletes including the Plaintiff;

   b. a duty to provide competent coaching and to follow relevant safety standards for athletes including Plaintiff;

   c. a duty to provide for the reasonable safety of student athletes;

   d. a duty to provide competent coaching and training to follow relevant safety standards for athletes including Plaintiff.

62. The acts of the Defendants David Derofflo and Eric Wentzle breached their duty of care owed to the Plaintiff in the following respects:

   a. Failing to properly recognize, treat or otherwise respond to Plaintiff's May 1, 2006 injury

   b. In failing to provide for the reasonable safety of student athletes such as the Plaintiff;

   c. In failing to provide reasonable emergency and medical care for student athletes such as the Plaintiff;

   d. In failing to provide adequate and/or competent coaching and training; and

   e. In failing to follow relevant safety standards for athletes including Plaintiff.

63. The Defendants David Derofflo and Eric Wentzle were at all relevant times acting as employees and/or agents of the Defendant Owen J. Roberts School District, which is vicariously liable for their acts and omissions.

64. As a direct and proximate result of the negligence of the Defendants, Plaintiff sustained permanent and severe injuries as described above.

65. The Defendants acted in willful disregard for the rights and safety of the Plaintiff and with deliberate indifference to the harm and potential for harm to the Plaintiff.

66. As a direct and proximate result of the violations of Plaintiff's rights as aforesaid, Plaintiff suffered substantial and grievous injuries as described above and incorporated herein.

67. The actions of the Defendants in allowing minors to participate in a school sponsored dangerous sporting activity with knowledge that the sport activity of javelin throwing was dangerous was outrageous, knowing and/or so reckless as to entitle the Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff demands judgment in her favor, together with compensatory and punitive damages in excess of the $100, 000.00 arbitration limits, together with costs, interest and attorney fees and any other relief which the Court deems appropriate.

### COUNT FIVE
### JADE D. LEONARD V. OWEN J. ROBERTS SCHOOL DISTRICT
### NEGLIGENCE

68. The averments of Paragraphs 1 though 67 are incorporated herein by reference as though fully set forth.

69. The Defendant Owen J. Roberts School District owed the Plaintiff a duty of care which included a duty to hire, train and retain competent coaching who would follow relevant safety standards for athletes including Plaintiff, a duty to provide for the reasonable safety of student athletes, and a duty to ensure that its coaching staff was responsive to the safety and health needs of the student athletes.

70. The Owen J. Roberts School District breached its duty of care owed to the Plaintiff in the following respects:

    a. Failing to properly hire, train and/or retain a competent coaching staff which would provide for the safety and welfare of students;

    b. In failing to provide for the reasonable safety of student athletes such as the Plaintiff;

    c. In failing to provide reasonable emergency and medical care for student athletes such as the Plaintiff;

    d. Failing to notify the police authorities the assault on Jade Leonard by a fellow student, Cory Bissland.

71. As a direct and proximate result of the negligence of the Defendant, Plaintiff sustained permanent and severe injuries as described above.

72. The Defendants acted in willful disregard for the rights and safety of the Plaintiff and with deliberate indifference to the harm and potential for harm to the Plaintiff.

73. As a direct and proximate result of the violations of Plaintiff's rights as aforesaid, Plaintiff suffered substantial and grievous injuries as described above and incorporated herein.

74. The actions of the Defendants in allowing minors to participate in a dangerous school sponsored sporting activity with knowledge that the sport activity of javelin throwing was dangerous was outrageous, knowing and/or so reckless as to entitle the Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff demands judgment in her favor, together with compensatory and punitive damages in excess of the $100, 000.00 arbitration limits, together with costs, interest and attorney fees and any other relief which the Court deems appropriate.

Date: <u>April 29, 2008</u>                                       <u>     RBB6330     </u>
                                                                    Richard B. Bateman, Jr., Esq.
                                                                    12 Veterans Square
                                                                    Media, PA 19063
                                                                    (610) 566-3322
                                                                    Attorney for Plaintiff